UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-60100

DALMOND MYLES,

     Plaintiff,

vs.

RAM & SONS, INC. and
KISSOON RAM,

     Defendants.

_____/

## **COMPLAINT**

Plaintiff, Dalmond E. Myles, sue Defendants, Ram & Sons, Inc. and Kissoon Ram, based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Dalmond Myles**, is a *sui juris* resident of Broward County, Florida, who is over 18 years old. He was an employee of Defendants as the term "employee" is defined under Florida law and consents to participate in this lawsuit.

2.    **Defendant, Ram & Sons, Inc.**, is a for profit Florida company that is *sui juris* and has its principal place of business, its office, and operated its business here, in Miami-Dade County, Florida, at all times material.

3.    **Defendant, Kissoon Ram**, was and is the owner and operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

1

4.      Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d). Both Defendants employed Plaintiff.

5.      This Court has jurisdiction over Plaintiff's FLSA claims.

6.      Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain their office and principal place of business and/or live in Miami-Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this County.

### *Common Background Factual Allegations*

7.      Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

8.      Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their repair of damaged motor vehicles using paints, metals, rubber, fasteners, bumpers, lamps, moldings, adhesives, plastics, tapes, goods and materials that have moved through interstate commerce.

9.      Defendants performed these repairs while using tools, machinery, equipment, trucks, hand tools, sprayers, paint booths, supplies and materials that also have moved through interstate commerce.

10.     Furthermore, Defendants obtain, exchange, and send/receive funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

2

11.     Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

12.     To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

13.     Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while they worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his repairing, painting, and working on motor vehicles that have traveled through interstate commerce while also utilizing paints, clear coat, tape, paper, adhesives, fillers, tools, sanding equipment, sandpaper, decals, lamps, fasteners, materials, supplies and equipment that also traveled through interstate commerce.

14.     Defendants hired Plaintiff in 2014 when he worked for them, and he then again worked for Defendants as an employee from June 12, 2015 to August 17, 2015.

15.     Plaintiff routinely worked from 8:00 a.m. to between 5:00 p.m. and 5:30 p.m., Monday through Friday, and worked a total of 2 Saturdays, while working as Defendants' employee.

16.     Defendants paid Plaintiff varied rates for his work and was tantamount to a "piece rate" method of payment depending on the vehicle and work performed on the vehicle.

17.     Defendants failed and refused to pay Plaintiff at the rate of time and one-half times his regular rate of pay for all hours worked over 40 hours in a workweek.

18.     Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

19.     Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

3

## COUNT I – FLSA MINIMUM WAGE VIOLATION

Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

20.     Defendants willfully and intentionally refused to pay Plaintiff at least a minimum wage of $7.25 per hour for each of the hours that he worked for Defendants during the relevant time period.

21.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least a minimum wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant were not required to pay him, and/or Defendants concocted a scheme pursuant to which it deprived Plaintiff the minimum wages he earned.

22.     Plaintiff is entitled to a back pay award of minimum wages for all unpaid hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff Dalmond Myles, demands the entry of a judgment in his favor and against Defendants, Ram & Sons, Inc. and Kissoon Ram, jointly and severally, after trial by jury and as follows:

a.  That Plaintiff recovers compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.  That Plaintiff recovers pre-judgment interest if he is not awarded liquidated damages;

c.  That Plaintiff recovers an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

4

d.   That the Defendants be Ordered to make Plaintiff whole by providing appropriate overtime wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e.   That Plaintiff recovers all interest allowed by law; and

f.   Such other and further relief as the Court deems just and proper.

## COUNT II – FLSA OVERTIME VIOLATION

Plaintiff reincorporates and re-alleges 1 through 19 as though set forth fully herein and further alleges as follows:

23.   Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period.

24.   Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant were not required to pay him overtime, and/or Defendants concocted a scheme pursuant to which it deprived Plaintiff the overtime pay he earned.

25.   Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff Dalmond Myles, demands the entry of a judgment in his favor and against Defendants, Ram & Sons, Inc. and Kissoon Ram, jointly and severally, after trial by jury and as follows:

5

a. That Plaintiff recovers compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recovers pre-judgment interest if he is not awarded liquidated damages;

c. That Plaintiff recovers an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That the Defendants be Ordered to make Plaintiff whole by providing appropriate overtime wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e. That Plaintiff recovers all interest allowed by law; and

f. Such other and further relief as the Court deems just and proper.

### COUNT III – BREACH OF CONTRACT
### (AGAINST RAM & SONS, INC.)

Plaintiff reincorporates and re-alleges paragraphs 1 through 19 as though set forth fully herein and further alleges as follows:

26.     Plaintiff and Defendant agreed that in exchange for Plaintiff expending time and effort on its behalf, it would compensate him at a piece rate for the different types of body work he was performing on the cars that Defendant was tasked with repairing:

a. White Front End ($1,000)

b. Blue Complete Car ($1,300)

c. Red Complete Left Side ($1,100)

d. Black Complete Car ($1,300)

6

e.   Silver Rear Bumper, Rear Left Side Door and Quarter panel ($900).

27.   Plaintiff performed under the parties' contract/agreement by performing work for Defendant as aforesaid and completing the work for which Defendant agreed to pay him the aforementioned rate(s).

28.   Defendant, however, failed and refused to perform its obligation(s) to pay Plaintiff at the agreed-upon piece rate(s) for each type of body work completed by Plaintiff, thereby breaching the Contract, for a total amount of $5,500.00.

29.   Plaintiff has been damaged as a result of Defendant's failure to pay him the agreed-upon amount for each hour worked by failing to pay him for all hours worked.

WHEREFORE Plaintiff, Dalmond Myles, demands that this Court enter a judgment in his favor and against Defendants, Ram & Sons, Inc., for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## COUNT IV – UNJUST ENRICHMENT

Plaintiff reincorporates and re-alleges paragraphs 1 through 19 as though set forth fully herein and further alleges as follows:

30.   Plaintiff provided labor and services for Defendant, and it received and accepted the benefits of the labor and services supplied by Plaintiff.

31.   Plaintiff expected to be paid a reasonable value for the labor and services he provided to Defendant.

32.   Defendant has been unjustly enriched in that it failed and refused to make payment to Plaintiff for such benefits.

WHEREFORE Plaintiff, Dalmond Myles, demands that this Court enter a judgment in

7

his favor and against Defendant, Ram & Sons, Inc., for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 17th day of January, 2017.

Respectfully Submitted,

FAIRLAW FIRM
*Counsel for Plaintiff*
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884
Fax:    305.230.4844

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com